IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DONALD K. BROWN AND** | § | |
| **MORENA A. GORRE,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-89-L** |
| | § | |
| **U.S. BANK NATIONAL ASSOCIATION,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss (Doc. 6), filed February 13, 2014; and

Plaintiffs' Motion for More Definite Statement (Doc. 13), filed March 24, 2014.[1]  After carefully

considering the motions, briefs, pleadings, and applicable law, the **grants** Defendant's Motion to

Dismiss (Doc. 6) but will allow Plaintiffs to amend their pleadings to the extent herein set forth.

Accordingly, the court **grants in part and denies in part** Plaintiffs' Motion for More Definite

Statement (Doc. 13), which the court construes as a request by Plaintiffs for leave to amend their

pleadings to correct any deficiencies found by the court.[2]

---

[1] Although styled as a "Motion for More Definite Statement," Plaintiffs actually request in response to Defendant's Motion to Dismiss that they be allowed to replead "should the Court determine that a more definite statement as to any claim would be necessary in the interest of justice." Pls.' Resp. 13-14.  Defendant has not moved for a more definite statement. The court therefore interprets Plaintiffs' request as one for leave to replead their claims if they are found to be deficient in any respect and subject to dismissal under Rule 12(b)(6).

[2] The court notes that Plaintiffs' claims in this case, and the theories that form the basis for those claims, are virtually identical to those filed by Plaintiffs' counsel in numerous other cases in the Northern District of Texas even though various judges have found them to be deficient.  **The court considers form pleadings to be a violation of Rule 11 of the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' counsel is ordered not to use form pleadings and is directed to tailor the facts and legal theories to the particular case in which she provides representation.**

## I.      Factual and Procedural Background

This case involves an attempted foreclosure on real property located at 1831 Kings Cross

Drive, Lancaster, Texas 75134 ("Property"). The case was originally brought December 31, 2013,

by Plaintiffs Donald K. Brown and Morena A. Gorre ("Plaintiffs") in the 191st Judicial District

Court, Dallas County, Texas, against Defendant U.S. Bank National Association ("Defendant").  In

their Original Petition ("Petition"), which is verified, Plaintiffs assert claims for breach of contract,

anticipatory breach of contract, and fraud. Plaintiffs also contend that Defendant lacks authority to

foreclose on the Property and collect payments under the Note and Deed or Trust because it: (1) is

not the Note holder; and (2) failed to follow applicable debt collection foreclosure procedures under

the Note, Deed of Trust, and the Texas Property Code; and (3) violated unspecified fair debt

collection laws. Plaintiffs seek an accounting; preliminary and permanent injunctive relief to stay

any foreclosure proceedings by Defendant; statutory, compensatory, and exemplary damages;

prejudgment and postjudgment interest; and attorney's fees and costs.

On September 30, 2005, Plaintiffs executed a Note in the amount of $147,682 payable to

Worldwide Mortgage Company ("WMC").   The Note was secured by the Property. With the

execution of the Note, Plaintiffs also executed a Deed of Trust.   Plaintiffs allege that the Dallas

County public records do not include any assignment or transfer of the Deed of Trust to Defendant.

Plaintiffs further allege that Defendant notified them in writing that foreclosure proceedings

on the Property were scheduled for January 7, 2014.  Plaintiffs acknowledge that they defaulted

under the Note and Deed or Trust, but they do not state in their Petition when they defaulted or when

Defendant first notified them of the default.  Plaintiffs attempted to obtain loan assistance from

Defendant in the form of a loan modification to reduce their monthly payments because they were

experiencing financial difficulty.  Plaintiffs state in the Petition that they sought assistance with their loan before filing this lawsuit, but it is unclear from their pleadings whether they sought a loan modification before or after they defaulted under the Note and Deed of Trust.  Although foreclosure proceedings were initiated, it does not appear from Plaintiffs' pleadings that a foreclosure sale of the Property ever took place or that Plaintiffs have lost possession of the Property.

The case was removed to federal court on January 31, 2014.  Before the case was removed, Plaintiffs sought, and the state court entered, a temporary restraining order that prevented Defendant from foreclosing on or evicting Plaintiffs from the Property before January 14, 2014.  On February 13, 2014, Defendant moved to dismiss Plaintiffs' claims pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.  Plaintiffs contend in response to the motion to dismiss that they have alleged sufficient facts to state claims upon which relief can be granted but, as previously noted, request that they be given an opportunity to amend their pleadings if the court determines they are deficient.  Briefing on the motion to dismiss was completed on May 5, 2014.

## II.     Standard Applicable to Defendant's Motion to Dismiss

Defendant seeks dismissal of Plaintiffs' claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).  To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

Plaintiffs contend that because this case was removed from state court, Texas' fair notice pleading standard should apply, not the more stringent standards under Rule 12(b)(6) and 9(b). Because this case was initially filed in state court and removed, fundamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court or removed should govern. *Bart Turner & Associates v. Krenke*, No. 3:13-CV-2921-L, 2014 WL 1315896, at *5 (N.D. Tex. Mar. 31, 2014) (citing *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537-38

(5th Cir. 2005)).  The court therefore applies Texas' "fair notice" standard to Plaintiffs' allegations and examines them in context of Texas Rule of Civil Procedure 91a.  Even under the less stringent "fair notice" standard, however,  Plaintiffs have failed, for the reasons herein explained, to state claims upon which relief can be granted.  The court, however, will permit Plaintiffs to amend their pleadings with respect to those claims that do not fail as a matter of law.

**III.    Analysis**

    **A.    Common Law Fraud**

Defendant contends that Plaintiffs' fraud claim is barred by the economic loss doctrine.  In addition, Defendant contends that Plaintiffs' fraud claim fails because it was not required to prove it was the holder of the Note to foreclose, and Plaintiffs' pleadings with respect to their fraud claim fail to satisfy Rule 9(b)'s heightened pleading standard.

To state a claim for fraud, a plaintiff must allege that:

> (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff [justifiably] relied on the representation; and (7) the representation caused the plaintiff injury.

*Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

In support of their fraud claim, Plaintiffs allege:

> 26.    A material misrepresentation was made as to the Defendant's ability and willingness to accept mortgage payments and to potentially modify the note. Defendant has declared to be the proper entity to submit payments to and to enter into loan repayment agreements with. After unfulfilled requests to view the original Promissory Note, Defendant has not been able to prove it is, in fact, the holder of the note.  Furthermore, Defendant has not produced the

loan servicing agreement evidencing the right to collect notes [sic] on behalf of the note holder.

27.     Said representations were made to obtain the Plaintiffs' fees and mortgage payments, and Defendant intended for Plaintiffs to rely on said representation in making payments. Plaintiff did in fact rely on this promise. Due to this reliance, Plaintiffs [were] financially injured.

Pl.'s Orig. Pet. ¶¶ 26-27.  Based on the foregoing allegations, it appears that Plaintiffs' fraud claim is based on representations by Defendant regarding a requested loan modification and Defendant's authority to foreclose under the Note and Deed of Trust.  As Plaintiffs' fraud claim appears to be framed as a fraudulent inducement claim, the economic loss doctrine does not apply.  *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 417 (Tex. 2011) (declining to extend the economic loss doctrine to a fraudulent inducement claim).  The court nevertheless determines that Plaintiffs' fraud claim fails for other reasons.

### 1.     Defendant's Authority to Foreclose and Collect Payments

As a preliminary matter, Plaintiffs' allegations, that they "do not know how or when Defendant obtained the right to collect their mortgage payments," and that Defendant has not been able to prove that it is either the Note holder or loan servicer, do not allege that Defendant made an affirmative representation of any sort.  Pls.' Orig. Pet. ¶ 15.  Moreover, to foreclose through a deed of trust, a party need not prove that it owns and holds the note.   *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254-55 (5th Cir. 2013).  The Texas Uniform Commercial Code governs the procedure for establishing "holder" status.  *See* Tex. Bus. & Com. Code Ann. §§ 3.201, 3.203, and 3.204 (West 2002) (providing the requirements for the negotiation, transfer, and endorsement of negotiable instruments).   Nonjudicial foreclosure against collateral, however, "enforces the deed of trust, not the underlying note."   *Lombardi v. Bank of America*, No.

3:13-CV-1464-O, 2014 WL 988541, at *6 (N.D. Tex. Mar. 13, 2014) (quoting *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011)). For this reason, "Texas courts have refused to conflate foreclosure with enforcement of a promissory note." *Id.*

Under the Texas Property Code, a "mortgagee" or "mortgage servicer" may administer a deed of trust foreclosure on behalf of a mortgagee. *Martins*, 722 F.3d at 255; Tex. Prop. Code Ann. §§ 51.0002, 51.0025. A mortgagee includes: "the grantee, beneficiary, owner, or holder of a security instrument." *Id.* § 51.0001(4). The "mortgage servicer" is the "last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." *Id.* § 51.0001(3). A mortgagee may be its own mortgage servicer. *Id.*

In support of its motion to dismiss, Defendant submitted copies of the Deed or Trust and an assignment. The assignment indicates that on August 11, 2011, Mortgage Electronic Registration Systems, Incorporated ("MERS"), as nominee for WMC and WMC's successors and assigns, assigned the Deed of Trust to Defendant. As a result, Defendant has authority as the mortgagee to foreclose on the Property pursuant to the Deed of Trust, regardless of whether it is the holder of the Note. The assignment also transferred to Defendant all rights under Plaintiffs' loan agreement. Accordingly, Plaintiffs' fraud claim on this ground fails as a matter of law and will be dismissed with prejudice.

### 2.    "Potential" Loan Modification

As to representations by Defendant regarding its "willingness to accept mortgage payments and to potentially modify the note," Plaintiffs allege:

16.     Prior to the date of this petition being filed, Plaintiffs have made attempts to seek loan assistance from Defendant.  Plaintiffs had requested Defendant to assist them in obtaining a loan modification to reduce their payments in this time of financial difficulty.  Plaintiffs have submitted to Defendant all of their financial information numerous times to be reviewed in relationship to a loan modification as instructed by Defendant and Defendant has stated [it] would review such modification and stop the pending foreclosure sale.  As of the date of this petition, Plaintiffs have received confirmation that Defendant has received their documents[,] but then the Defendant tells Plaintiffs they have not received all information[,] which is untrue.

17.     Defendant has failed to assist, refused to take any payments unless payment in full was made thereby causing Plaintiffs to incur additional late fees, default interest and fees which only added to their burden at the time. Defendant made it impossible for Plaintiffs to catch up in spite of Plaintiffs['] request for loan assistance.

18.     Plaintiffs have acted in good faith by submitting all required information to Defendant and relied on Defendant that the loan modification was in review. Now, in spite of all of Plaintiffs' efforts and Defendant's assurances to the contrary, Defendant intends on carrying out the foreclosure sale.

19.     Defendant has yet to send Plaintiffs an approval or denial letter or any correspondence to state why the loan modification has not been approved or denied.  Instead Defendant has constantly given Plaintiffs the "run-around" by losing their documents or holding on to them so long that they then need updated information or the mortgage servicer changes and then they [have] to start all over again.  Had Defendant sent a denial letter to Plaintiff[,] then Plaintiff would have had the right to appeal.  By not sending Plaintiffs any response whatsoever, Plaintiffs did not have the opportunity to, or know that they needed to make such appeal to Defendant, nor did Plaintiffs know[] that they needed to make other plans regarding their loan and residence.  Plaintiff acted in good faith and relied on Defendant that the loan modification was in review.  In spite of all of Plaintiffs' efforts and Defendant's assurances to the contrary, Defendant still intends to foreclose on Plaintiffs' house.  These actions by Defendant [have] caused Plaintiffs to incur additional late fees, default interest and fees[,] which only added to their burden at the time. Defendant has made it impossible for Plaintiffs to catch up in spite of Plaintiffs' request for loan assistance.

20.     The Deed of Trust gives Plaintiffs an opportunity to reinstate their loan, however, by not giving Plaintiffs a notice that the loan modification had been denied, Defendant took this right away from Plaintiffs.

Pls.' Orig. Pet. ¶¶ 16-20.  Plaintiffs also allege that "Defendant told [them] that it would not foreclose and to disregard any notices because Plaintiffs' loan modification was under review." *Id.* ¶ 32.

Plaintiffs' allegations are insufficient to state a common law claim for fraud under Texas law. The only representations or promises alluded to by Plaintiffs are that Defendant agreed to "review" their requested loan modification; to "potentially" modify their loan; and to stop the "pending" foreclosure action while their loan modification application was under review.  *Id.* ¶¶ 7, 16, 32. Thus, Plaintiffs acknowledge that Defendant only agreed to *consider* their request for a loan modification and to stop the *pending* foreclosure.  Plaintiffs do not allege that Defendant agreed to approve their loan modification or notify them whether their requested loan modification had been approved or denied before foreclosing; nor do Plaintiffs allege that Defendant agreed to forego its right to initiate foreclosure proceedings again at some point in the future.  Because Plaintiffs acknowledge that Defendant considered their requested loan modification and merely take issue with the manner in which Defendant reviewed the requested loan modification, Plaintiffs' allegation regarding a representation by Defendant to review their request for a loan modification does not qualify as a misrepresentation.

What remains then is Plaintiffs' allegation that Defendant agreed to not foreclose while their request for loan modification was being reviewed.  Accordingly, with respect to this claim, Plaintiff must allege that they relied on the representation and the representation caused their injury. Regarding damages and reliance, Plaintiffs allege that they incurred late fees and default interest and that "Defendant has made it impossible for [them] to catch up in spite of Plaintiffs' request for loan assistance."  *Id.* ¶ 19.  Plaintiffs also allege that Defendant made the representation "to obtain the

Plaintiffs' fees, and Defendant intended for Plaintiff to rely on said representation in making these payments. Plaintiffs did in fact rely on this promise. Due to this reliance Plaintiffs is [sic] financially injured." *Id.* ¶ 27.

Plaintiffs' allegations regarding damages and reliance are insufficient for a couple of reasons. First, any late fees and default interest Plaintiffs incurred could have only resulted from Plaintiffs' own failure to continue to make mortgage payments in a timely manner as required by the Note and Deed of Trust because Plaintiffs do not allege that Defendant agreed to delay their payments or accept late payments while their loan modification application was under review. Absent such an agreement, any reliance on Plaintiffs in not making required payments under the Note and Deed or Trust would have been unreasonable. Further, while Plaintiffs allege that Defendant made the representation to obtain their payment of fees, and that they relied on the representation, Plaintiffs do not allege that they paid any fees or took any other action in reliance on the representation other than that already required under the Note and Deed of Trust. Plaintiffs also acknowledge that they were experiencing financial difficulty and only made partial payments, which Defendant refused to accept and were not required to accept under the Deed of Trust.[3] Plaintiffs' allegations are therefore insufficient to state a claim upon which relief can be granted for fraud based on Defendant's representation that it would consider Plaintiffs' request for a loan modification and not foreclose

---

[3] Under the Deed of Trust, Plaintiffs had a right to reinstate their loan, even after foreclosure proceedings were initiated. To reinstate, however, Plaintiffs were required under the Deed of Trust to tender in a lump sum to Defendant all amounts required to bring their account current, including payment of foreclosure costs and attorney's fees. *See* Def.'s App. 5. Plaintiffs admit that they did not tender a lump sum of all amounts due. Accordingly, any fraud claim based on an opportunity to reinstate their loan fails.

while the loan modification review was under review.[4]  The court will nevertheless give Plaintiffs an opportunity to amend their pleadings with respect to this claim.

### B.    Breach of Contract and Anticipatory Breach

Plaintiffs' pleadings with respect to their contract claim raise a plethora of issues.  The court therefore sets forth below Plaintiffs' allegations made in support of their contract claim instead of attempting to summarize them.

> 29.    Defendant has violated the Texas Property Code § 51.002 and breached the Deed of Trust contract.  Defendant never gave Plaintiffs the right to cure and reinstate hers [sic] note.  As a result of Defendant's wrongful conduct described above, Defendant waived its right to foreclose. Further, Defendant offered and Plaintiffs accepted a loan modification review.  Plaintiffs spoke to Defendant who told Plaintiffs that they qualified for a loan modification but that they had to send in financial information.  Plaintiffs relied on Defendant's representations and promises . . . to hers [sic] detriment. Plaintiffs' reliance on Defendant's promises constituted a unilateral contract[,] which was breached by [D]efendant when it posted Plaintiffs' property for foreclosure sale.

---

[4] In response to the motion to dismiss, Plaintiffs contend:

Plaintiffs acted in reliance upon Defendant's false representation that it had authority to foreclose by attempting to work out a loan modification with Defendant, and Plaintiffs have suffered injury due to Defendant's representations because Plaintiffs have had to hire an attorney to protect their interest in the property and [have] suffered damages to their reputation and credit.

17. Each and every payment request/statement and notice of foreclosure sent by defendant constitutes a material misrepresentation. Each and every notice of delinquency sent by Defendant constitutes a material misrepresentation as it stated an incorrect delinquency amount as Defendant was holding on to Plaintiffs' payments and not applying such pursuant to the Deed of Trust. The May 13, 2013 letter to Plaintiffs stating that Defendant was acting as an agent for GMAC Mortgagee, LLC and that GMAC Mortgagee was the noteholder stated false and misrepresenting statements to Plaintiffs.

Pls.' Resp. 9. For the reasons already explained, Plaintiffs' fraud claim based on Defendant's authority to foreclose on the Property fails as a matter of law.  Because Plaintiffs do not allege in their pleadings that they suffered damages in the form of attorney's fees, reputation, and credit, the court cannot consider the argument in ruling on the motion to dismiss. For the same reason, the court does not consider Plaintiffs' new contention that "every payment request/statement and notice of foreclosure sent by defendant constitutes a material misrepresentation. Each and every notice of delinquency sent by Defendant constitutes a material misrepresentation as it stated an incorrect delinquency amount as Defendant was holding on to Plaintiffs' payments and not applying such pursuant to the Deed of Trust." *Id.*

30.    Moreover, Defendant has purposely delayed and misled Plaintiffs to a point of foreclosure. The requirement of good faith and fair dealing is included in the performance of every contract. Plaintiffs' mortgage note is a negotiable instrument governed by the Uniform Commercial Code ("UCC"). . . . Defendant had a duty of good faith and fair dealing with regard to its obligations under the note but it violated that requirement because it deliberately accelerated the note.

31.    Defendant's conduct of deliberately[] (or negligently) delaying and misleading Plaintiffs to the point of foreclosure is unconscionable. Further, Defendant was required to give Plaintiffs an opportunity to pay the past due installments before acceleration of the entire indebtedness.  Defendant was required to demand past due installments before exercising the option to accelerate.  Defendant has failed to do so.  Defendant's actions not only breached the contract, but ha[ve] prevented Plaintiffs from performing under the contract. Loss of the right to accelerate may result from inconsistent or inequitable conduct on the part of the holder of the promissory note.

32.    As a proximate result of the foregoing conduct by Defendant, Plaintiffs have incurred damages, including mental anguish, filing fees, and reasonable and necessary attorney fees. Further, Defendant violated the Texas Property Code 51.002 and breached the Deed of Trust contract. Defendant failed to give Plaintiffs notice of a default, notice of intent to accelerate, the right to cure, and the right to reinstate the note.  Defendant told Plaintiffs that it would not foreclose and to disregard any notices because Plaintiffs' loan modification was under review. Yet, Defendant intends to exercise a foreclosure anyway. As a result of Defendant's wrongful conduct . . . . it has waived its right to foreclose.

Pls.' Orig. Pet. ¶¶ 29-32 (citations omitted).  Because Plaintiffs' allegations raise a number of issues,

the court addresses them separately.

### 1.    Breach of Contract, Anticipatory Breach, Unilateral Contract

Defendant contends that Plaintiffs' contract claim fails because they admit defaulting under

the Note and Deed of Trust and do not identify the provisions of the Deed of Trust that were

allegedly breached. Defendant maintains that it is also entitled to dismissal of Plaintiffs' anticipatory

contract claim because they do not allege what contract was repudiated or any facts to support their

**Memorandum Opinion and Order - Page 13**

contention that Defendant repudiated its obligations or unconditionally refused to perform its obligations in the future under a contract.

With respect to their contract claim, Plaintiffs respond that they sought loan assistance and Defendant agreed to review their loan to determine whether they qualified for any available programs. Plaintiffs assert that they submitted an application and provided financial information as requested by Defendant, but Defendant has yet to approve or deny their application. Plaintiffs contend that because Defendant has not notified them of whether their application has been approved or denied, they did not have an opportunity to appeal a decision and did not make other arrangements regarding their loan and residence. Additionally, Plaintiffs maintain: "The Deed of Trust gives [them] an opportunity to reinstate their loan, however, by not giving [them] notice that the loan modification had been denied, Defendant took this right away from Plaintiffs. This is a breach of the Deed of Trust by Defendant." Pls.' Resp. 10. Regarding their anticipatory breach claim, Plaintiffs assert that they have pleaded absolute repudiation by Defendant of its contractual obligation by "specifically, entering into a forbearance agreement with Plaintiffs and then foreclosing on the property despite continually representing to Plaintiff that [it] would not foreclose on the Property." *Id.* at 11.

Plaintiffs' contract claim is based on breaches of the Deed of Trust and an oral unilateral contract for loan modification review and a related promise not to foreclose while their loan modification was under review. The elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). A unilateral

contract is created "when a promisor promises a benefit if a promisee performs." *City of Houston v. Williams*, 353 S.W.3d 128 135 (Tex. 2011).   "The requirement of mutuality is not met by an exchange of promises; rather, the valuable consideration contemplated in exchange for the promise is something other than a promise, i.e., performance." *Id.* at 136 (internal quotation marks omitted). Thus, a unilateral contract is not enforceable until the promisee performs.  *Id.*

An anticipatory repudiation of a contract consists of "either words or actions by a party to a contract that indicate an intention that he or she is not going to perform the contract according to its terms in the future." *Builders Sand, Inc. v. Turtur*, 678 S.W.2d 115, 120 (Tex. App.—Houston[14th Dist.] 1984, no writ).   The elements of a claim for anticipatory breach of contract under Texas law are: "(1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party." *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004) (citation and footnote omitted).   "[W]hen one party to an agreement has repudiated it, the other party may then accept the agreement as being terminated or consider the repudiation as a breach of contract and bring suit for damages." *Id.* (citation and footnote omitted). A defendant's duty to pay damages, however, is "discharged if it appears after the breach that there would have been a total failure by the injured party to perform his return promise." *Id.* at 394-95 (citation and footnote omitted).

### a.    Alleged Breach of Deed of Trust

As noted above, Plaintiffs allege that Defendant breached the Deed of Trust by not giving Plaintiffs notice of a default, notice of intent to accelerate, the right to cure, and the right to reinstate the note.   A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform. *Methodist Hosps. of Dallas v. Corporate Communicators, Inc.*, 806

S.W.2d 879, 882 (Tex. App.— Dallas 1991, writ denied).  Plaintiffs' pleadings do not identify which provision or provisions of the Deed of Trust that Defendant allegedly breached.

Paragraph eighteen of the Deed of Trust applies to the foreclosure procedure and specifies the manner in which the lender or trustee must give the borrower notice of the time, place, and terms of sale.  Plaintiffs acknowledge that they received correspondence and notice from Defendant that it intended to sell the Property at a January 7, 2014 foreclosure sale, but they do not allege any facts as to why the notice failed to comply with the Deed of Trust.  *See* Pls.' Orig. Pet. ¶¶ 11, 13. Paragraph ten of the Deed of Trust governs reinstatement and gives the borrowers the right to reinstate the Deed of Trust after default and foreclosure proceedings are initiated if they tender in a lump sum all amounts required to bring their account current.  Plaintiffs do not allege that they attempted to pay all amounts due under the Note and Deed of Trust.  They instead acknowledge that they only attempted to make partial payments; however, the Deed of Trust does not require Defendant to accept anything less than the full amount due, including any fees incurred as a result of Plaintiffs' default.  Paragraph nine applies to grounds for acceleration of debt but does not specifically require the lender to give the borrower an opportunity to cure a default by paying past amounts due before the lender may accelerate and require immediate payment in full of all amounts due.  Moreover, Plaintiffs fail to allege that they performed as required under the Deed of Trust, that is, Plaintiff do not allege that they were current on their payments under the Deed of Trust when Defendant's alleged breaches occurred.  Accordingly, Plaintiffs have not alleged sufficient facts to support a claim for breach of contract upon which relief can be granted.  The court will nevertheless give Plaintiffs an opportunity to amend their pleadings with respect to this claim.

b.      **Unilateral Contract and Alleged Anticipatory Breach**

Plaintiffs' unilateral contract and anticipatory breach claims similarly fail. Plaintiffs' claims in this regard appear to be based on their contention that a unilateral contract was created when: (1) Defendant offered to review Plaintiffs' loan modification application and agreed to stop the pending foreclosure proceedings while the loan modification was under review if Plaintiffs provided certain financial information requested by Defendant; and (2) Plaintiffs provided the requested financial information. Plaintiffs contend that Defendant breached the unilateral contract by initiating foreclosure proceedings before their loan modification review was complete. Plaintiffs also contend that Defendant's initiation of foreclosure proceedings before approving or denying their loan modification was a complete repudiation of the unilateral contract.

The court concludes that Plaintiffs' allegations are sufficient with respect to the creation of a unilateral contract and a repudiation by Defendant. Plaintiffs, however, have not alleged sufficient facts to support Defendant's lack of a just excuse for the repudiation or damages caused by the breach and repudiation. As previously noted, Plaintiffs do not allege that they were current on their mortgage payments or paid the full amount due under the Note and Deed of Trust to reinstate their loan; nor do they allege that Defendant agreed to delay or forego such payments. Thus, any agreement by Defendant to review their loan modification and not foreclose during that review did not relieve Plaintiffs from making required payments under the Note and Deed of Trust and any such default would have provided Defendant with another ground to accelerate the debt owed by Plaintiffs and foreclose on the Property.

Plaintiffs' allegation that they "incurred damages, including mental anguish, filing fees, and reasonable and necessary attorney fees" as a result of Defendant's actions are also insufficient.

Under Texas law, mental anguish damages are not recoverable for breach of contract, *Latham v. Castillo*, 972 S.W.2d 66, 72 (Tex. 1998), and attorney's fees that are incurred for the prosecution or defense of a claim do not constitute damages. *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1038 (5th Cir. 2014) (citing *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013)).[5]  Plaintiffs do not allege that they incurred any other damages as a result of Defendant's decision to initiate foreclosure proceedings.  Moreover, as noted by Defendant, Plaintiffs appear to acknowledge that the foreclosure proceedings and sale scheduled for January 2014 never took place and they continue to remain in possession of the Property.  Plaintiffs have therefore failed to state a contract claim on unilateral contract and anticipatory breach theories upon which relief can be granted.  The court will nevertheless give Plaintiffs an opportunity to amend their pleadings with respect to this claim.

### 2.      Duty of Good Faith and Fair Dealing

Defendant contends that Plaintiffs' contract claim based on the duty of good faith and fair dealing fails as a matter of law because no such duty exists between a mortgagor and mortgagee under Texas law, and the Deed of Trust is not governed by the UCC because it places a lien on the Property. Plaintiffs stand by their contention that the UCC applies to negotiable instruments such as the Note and that the UCC, and the duty of good faith under section 1.201(b)(20) of the UCC, "governs the transaction" if Defendant claims an ownership interest in the Note. Plaintiffs also contend that Defendant breached its duty of good faith and fair dealing when it accelerated the

---

[5] Although this issue was not raised by Defendant, Plaintiffs will be given an opportunity to amend their pleadings.  Further, while Defendant contends that Plaintiffs' oral unilateral contract claim is barred by the statute of frauds, this is an affirmative defense for which Defendant has the burden of proof, and Defendant does not address whether the Note or Deed of Trust satisfies section 26.02(e) of the Texas Business and Commerce Code.  *See Rhodes v. Wells Fargo Bank, N.A.*, 3:10-CV-02347-L, 2013 WL 2090307, at *7-10 (N.D. Tex. May 14, 2013).

**Memorandum Opinion and Order - Page 18**

amount due under the Note, delayed in processing their loan modification application, and failed to give them an opportunity to pay the past due installments before accelerating the entire indebtedness under the Note.

The Texas Supreme Court has declined to read an implied duty of good faith and fair dealing into every contract. *See Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990). Such a duty arises only when a special relationship of trust exists between the parties or there is an imbalance in bargaining power. *Id.* When a special relationship between parties gives rise to independent duties, such as a duty of good faith and fair dealing, those duties are enforceable as torts. *See Coleman*, 795 S.W.2d at 709-10. Absent a "special relationship," however, "any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.—Corpus Christi 2005, pet. denied). "The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith," *Coleman*, 795 S.W.2d at 709, and Texas courts have consistently held that no "special relationship" exists between a mortgagor and a mortgagee. *See Levels v. Merlino*, 969 F. Supp. 2d 704, 717-18 (N.D. Tex. 2013) (collecting cases); *UMLIC VP LLC*, 176 S.W.3d at 612 (collecting cases); *but see Davis v. West*, 317 S.W.3d 301, 312 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (A bank-customer relationship does not normally give rise to a special relationship; however, when a special relationship between borrower and lender has been found, it is because the lender engaged in conduct such as exercising "excessive lender control over, or influence in, the borrower's business activities.").

Here, Plaintiffs merely allege that they applied for a loan modification and were told that the loan modification was under review. Such allegations are insufficient to give rise to a "special relationship" between Plaintiffs and Defendant. *See Omrazeti v. Aurora Bank FSB*, No. 12-CV-00730-DAE, 2013 WL 3242520, at *14-16 (W.D. Tex. June 25, 2013).[6] Plaintiffs' reliance on the UCC to create such a duty is also misplaced. *See Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.—San Antonio 1998, no pet.) (concluding that UCC's duty of good faith did not apply to a deed of trust that placed a lien on real property because interests in and liens on real property are excluded under section 9 of the UCC). Thus, no duty exists as a matter of law, and no duty of good faith and fair dealing can be implied, based on Plaintiffs' pleadings, with respect to the Note, Deed of Trust, or the loan modification that forms the basis for the alleged unilateral contract. Plaintiffs have therefore failed to state a contract claim based on the duty of good faith and fair dealing upon which relief can be granted.

### 3. Waiver

Defendant contends that waiver is an affirmative defense and therefore does not operate to create liability or an independent cause of action. Defendant contends that, regardless of nature of Plaintiffs' waiver argument, Plaintiffs have not alleged sufficient facts to support their contention that Defendant waived its right to foreclose. Defendant asserts that the Petition is devoid of any allegations that it demonstrated an unequivocal intent to waive its right to foreclose on the Property,

---

[6] In *Omrazeti*, the court discussed *Milton v. U.S. Bank National Association*, No. 4:10-CV-538, 2013 WL 264561, at *1 (5th Cir. Jan. 18, 2013), and other cases in which allegations much more detailed than those by Plaintiffs in this case were determined to be insufficient to transform the arm's length mortgagee-mortgagor relationship into a "special relationship." *Omrazeti* also reasoned that the outcome in *Milton* "casts doubt on the idea that even 'active participation' by a mortgagee can give rise to the requisite special relationship under Texas law." *Omrazeti*, 2013 WL 3242520, at *16.

and the Deed of Trust contains a nonwaiver clause that expressly disclaims any intent to waive the right to strictly enforce the terms of the Deed of Trust, even if it agrees to a forbearance.

Plaintiffs counter that, under Texas law, a lender may loose its right to accelerate under a promissory note if it engages in inconsistent or inequitable conduct. Without disputing their own default, Plaintiffs appear to contend that Defendant engaged in inconsistent or inequitable conduct by exercising the option to accelerate under the Deed of Trust without giving them the opportunity to pay past due installments. As previously noted, Plaintiffs also allege that Defendant waived its right to foreclose on the Property.

Waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. Waiver is largely a matter of intent." *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). "The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Id.* An intent to relinquish the right must be unequivocally manifested and is the "key element in establishing waiver." *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 748 (E.D. Tex. 2013) (quoting *G.H. Bass & Co. v. Dalsan Props.–Abilene*, 885 S.W.2d 572, 577 (Tex. App.—Dallas 1994, no pet.)).

Plaintiffs' allegations regarding Defendant's agreement to postpone pending foreclosure proceedings while their loan modification was under review and Defendant's conduct in accelerating the total amount due under the Note cannot be construed as an unequivocal manifestation by Defendant to forego its rights under the Deed of Trust with respect to acceleration and foreclosure, particularly in light of Defendant's insistence that Plaintiffs pay the full amount due in accordance with the Deed of Trust and its attempt at foreclosing on the Property after Plaintiffs defaulted. *See*

*Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 810 (N.D. Tex. 2012).   Further, although Plaintiffs allege that Defendant agreed to review their requested loan modification and delay pending foreclosure proceedings until review of the loan modification was complete, Plaintiffs do not allege that Defendant agreed to delay or suspend their payments under the Note and Deed of Trust pending review of the loan modification.   Because Plaintiffs appear to acknowledge that they were in default, this would have provided Defendant with a separate basis for accelerating amounts due under the Note and foreclosing on the Property.

Moreover, the Deed of Trust expressly provides that extensions of time for payment and "[a] forbearance by Lender in exercising any right or remedy shall be not be a waiver of or preclude the exercise of any right or remedy." Def.'s App. 6.   The Deed of Trust further states with respect to acceleration: "No Wavier.   If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events." *Id.* at 5.   Accordingly, Plaintiffs' allegations are insufficient to establish a waiver by Defendant of any of its rights under the Deed of Trust or the law.

### 4.   Section 51.002 of the Texas Property Code

Defendant contends that Plaintiffs fail to specify which requirements or provisions within the nine subsections of section 51.002 of the Texas Property Code were violated.   Defendant further contends that Plaintiffs' claim in this regard should be construed as one for wrongful foreclosure because the Texas Property Code does not provide a private right of action for violations. Defendant asserts that any claim for wrongful foreclosure fails because Plaintiffs admit that no foreclosure has occurred and that they are in possession of the Property.   Defendant's contention in this regard is

based on Plaintiffs' request for injunctive relief to prevent foreclosure and their related admission

that the Property is their homestead.  The entirety of Plaintiffs' response with respect to this claim

is as follows:

> 22. Plaintiffs have plead[ed] that Defendant failed to comply with the Texas Property Code requirements as stated herein, according to TEX. PROP. CODE Section 51.002 by not providing Plaintiffs the proper notices. Plaintiffs did not claim a cause of action for wrongful foreclosure as a foreclosure had not occurred at the time of Plaintiffs['] petition being filed, therefore the Court should not construe such claims to be for wrongful foreclosure.

Pls.' Resp. 11.

Section 51.002 of the Texas Property Code provides that "[a] sale of real property under a

power of sale conferred by a deed of trust . . . must be a public sale at auction . . . at the county

courthouse in which the land is located." Tex. Prop. Code Ann. § 51.002(a). Written notice must be

given at least twenty-one days in advance and must be (1) posted at the courthouse door in each

county in which the property is located; (2) filed in the office of the county clerk of each county in

which the property is located; and (3) sent by the holder of the debt via certified mail to each debtor

obligated to pay the debt.  *Id.* § 51.003(b)(1)-(3). The Deed of Trust similarly provides with respect

to foreclosure procedure:

> If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law. Sale shall be made at public ven[]ue between the hours of 10 a.m. and 4 p.m. on the first Tuesday in the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines.

Def.'s App. 7.  Regardless of whether section 51.002 provides Plaintiffs with an independent cause

of action, Plaintiffs' conclusory assertions that Defendant failed to comply with unspecified

requirements in section 51.002 are insufficient to state a claim for relief.  Further, while Defendant's

compliance with section 51.002 might have been relevant to whether the foreclosure proceedings

scheduled for January 7, 2014, were appropriate, this issue appears to be moot since no foreclosure

took place and it appears that Plaintiffs remain in possession of the Property.  Finally, Plaintiffs do

not allege that they sustained any damages as a result of Defendant not complying with section

51.002.  Thus, even assuming that a cause of action exists for violations of section 51.002 of the

Texas Property Code, Plaintiffs' allegations are insufficient to support such an action.  Plaintiffs

nevertheless will be allowed to amend their pleadings as to this claim.

### C. Authority to Foreclose

Plaintiffs list "Authority to Foreclose" as a cause of action in their Petition.  It is unclear from

the Petition whether Plaintiffs are attempting to assert a cause of action for lack of authority to

foreclose, or if they simply raised the possible lack of authority as a side issue to prevent Defendant

from foreclosing on the Property.  Since there has been no foreclosure, the issue of whether

Defendant lacked authority cannot support a claim for wrongful foreclosure, and Plaintiffs

acknowledge that they have not asserted a claim for wrongful foreclosure.  In support of their lack

of authority to foreclose theory, Plaintiffs contend that Defendant (1) failed to follow applicable debt

collection procedures under the Note, Deed of Trust, and Texas Property Code; and (2) violated

unspecified debt collection laws.  Plaintiffs also contend that they are entitled to an accounting, and

that Defendant is not the note holder.  The court has already addressed Plaintiffs' contention

regarding Defendant's authority as the mortgagee to foreclose on the Property and collects amounts

owed under the Note and Deed of Trust.  As to Plaintiffs' other contentions, their pleadings are

devoid of any allegations regarding alleged debt collection violations and their entitlement to an

accounting.  Rather than dismiss Plaintiffs' claim based on alleged debt collection violations and request for an accounting, the court will allow them to amend their pleadings.

### D.    Injunctive Relief

Defendant contends that, because Plaintiffs have not alleged sufficient facts to support their claims, they have not shown a substantial likelihood of success on the merits and their request for injunctive relief should be denied.  Plaintiffs respond that they have demonstrated that Defendant breached the Deed of Trust and waived its right to foreclose on the Property.  Plaintiffs contend that they are entitled to injunctive relief as a result of Defendant's unlawful actions with respect to their Property.  The court disagrees.

Plaintiffs seek a temporary restraining order and a permanent injunction to prevent Defendant from foreclosing on their Property.  There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order.  A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida  v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*).  The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted.  *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.  Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or

preliminary injunction.   The elements of a permanent injunction are essentially the same as those for

a preliminary injunction "with the exception that the plaintiff must show actual success of the merits

rather than a mere likelihood of success." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546

n.12 (1987).   Plaintiffs have not satisfied any of the requirements for temporary or permanent

injunctive relief under federal law.   The court therefore **denies** Plaintiffs' request  for a temporary

restraining order and preliminary injunction but will delay ruling on their request for a permanent

injunction.

## IV.      Amendment

Plaintiffs request to amend their pleadings in the event the court determines that they have

failed to state claims upon which relief can be granted.   For the reasons explained, Plaintiffs' claims,

as currently pleaded, are deficient in a number of respects and are not a model of pellucid

draftsmanship; however, because Plaintiffs have not previously amended their pleadings, the court

will give them an opportunity to amend their pleadings to correct the deficiencies noted, except for

those claims that the court has determined fail as a matter of law.   Accordingly, Plaintiffs will be

allowed to amend their pleadings with respect to all claims asserted, *except those based on

Defendant's lack of authority to foreclose on the Property and collect payments under the Note and

Deed of Trust*.

## V.      Conclusion

For the reasons herein stated, Plaintiffs have failed to plead any claims upon which relief can

be granted, and their claims based on Defendant's alleged lack of authority to foreclose and collect

payments under the Note and Deed of Trust fail as a matter of law. Accordingly, the court **grants**

Defendant's Motion to Dismiss (Doc. 6) and **dismisses with prejudice** all claims by Plaintiffs that

are based on the theory that Defendant's lacked of authority to foreclose and collect payments under

the Note and Deed of Trust.  The court also **denies** Plaintiffs' request for a temporary restraining

order and preliminary injunction but will delay ruling on their request for a permanent injunction.

The court will nevertheless allow Plaintiffs to amend their pleadings with respect to all other claims

that are not based on Defendant's alleged lack of authority to foreclose and collect payments under

the Note and Deed of Trust.  Accordingly, the court **grants in part and denies in part** Plaintiffs'

Motion for More Definite Statement (Doc. 13) and directs Plaintiffs to file an amended complaint

**that cleans up their pleadings and corrects the deficiencies** noted in this opinion by **August 15,**

**2014.**  *Failure to do so will result in dismissal of this action without prejudice pursuant to Federal*

*Rule of Civil Procedure 41(b) or with prejudice pursuant to Rule 12(b)(6).*

      **It is so ordered** this 31st day of July, 2014.


Sam A. Lindsay
United States District Judge